NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>TIMOTHY J. AUBREY, a.k.a. Tim Aubrey,<br>a.k.a. Timothy Joel Aubrey,<br><br>    Defendant-Appellant. | No.    18-50165<br><br>D.C. No. 8:13-cr-00167-JVS-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Timothy J. Aubrey appeals from the district court's judgment and challenges

the 21-month sentence imposed following his guilty-plea conviction for mail fraud,

in violation of 18 U.S.C. § 1341.  Pursuant to *Anders v. California*, 386 U.S. 738

(1967), Aubrey's counsel has filed a brief stating that there are no grounds for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief, along with a motion to withdraw as counsel of record. We have provided Aubrey the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Aubrey waived his right to appeal most aspects of his sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss those aspects of Aubrey's sentencing appeal that are covered by the waiver and affirm as to all other issues, with the exception of three supervised release conditions—standard conditions five, six, and fourteen—which are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018); *see also Watson*, 582 F.3d at 977 (an appeal waiver does not bar a constitutional challenge to a supervised release condition). We remand for the district court to modify these conditions consistent with our opinion in *Evans*.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**

18-50165